Sean J. McCaffity
Texas Bar No. 24013122
SOMMERMAN, MCCAFFITY,
QUESADA & GEISLER, L.L.P.
3811 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
*Special Litigation Counsel for*
*Laurie Rea, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § § § | |
| YUMA ENERGY, INC. | § § § | Case No. 20-41455-mxm-7 |
| and | § § § | (Chapter 7) |
| In re: | § § § § | |
| THE YUMA COMPANIES, INC.<br>      Debtors. | § § § § | Case No. 20-41454-mxm-7 |
| LAURIE REA, as Chapter 7 Trustee of<br>YUMA ENERGY, INC. and<br>THE YUMA COMPANIES, INC., | § § § § § | |
|       Plaintiff, | § § | Adv. No. 22-04022-mxm |
| v. | § § § | |
| RED MOUNTAIN CAPITAL<br>PARTNERS, LLC, *et al.*<br>       Defendants. | § § § § | |

## RESPONSE TO MOTION TO WITHDRAW THE REFERENCE

Plaintiff Laurie Rea, Chapter 7 Trustee of Yuma Energy, Inc. and The Yuma Companies, Inc. (the "Trustee") files this Response to Defendants' Joint Motion to Withdraw the Reference.

Nothing in the Defendants' Joint Motion to Withdraw the Reference justifies departing from the usual protocol in cases like this one. The Court should either deny the motion to withdraw

the reference without prejudice or refer all pre-trial matters to the Bankruptcy Court and grant the motion upon certification by the Bankruptcy Court that the parties are ready for trial.

Pursuant to Local Bankruptcy Rule 5011-1 of the Texas Northern District Bankruptcy Court of Texas, the Trustee provides the Court with the following information for use in any status conference to be had on this motion or in its report to be issued to the District Court:

1. **Whether any response to the motion to withdraw the reference was filed?**

Yes. The Trustee files this response to the Motion and refers the Court to the arguments noted in section 8 below concerning why the Court should either deny the motion, grant upon certification upon trial readiness, or grant the motion with a referral to the bankruptcy judge for all pre-trial matters.

2. **Whether a motion to stay the proceeding pending the district court's decision on the motion to withdraw the reference has been filed?**

No motion to stay was filed in the district court or in the bankruptcy court.

3. **Whether the proceeding is core or non-core, or both and with regard to the non-core and mixed issues, whether the parties consent to entry of a final order by the bankruptcy judge?**

The proceeding is both core and non-core. The Trustee has asserted common law negligence, fiduciary duty and knowing participation in breach claims against the Defendants, which are undoubtedly non-core matters. The Court maintains jurisdiction over these claims, however, by virtue of its "related to" jurisdiction under 28 U.S.C. § 1334(b). Defendants do not contest the Court's jurisdiction.

The Trustee has also asserted certain "core" claims against the Red Mountain Defendants. In general, the Trustee has asserted claims for recharacterization of loan agreements as equity contributions and has asserted equitable subordination claims under 11 U.S.C. § 510 against the Red Mountain Defendants. Presumably, the Defendants agree these claims are core and should be

determined in this Court because their Motion to Withdraw the Reference specifically excludes any request to withdraw the reference as to Counts 4, 5 and 6 of the Complaint.

The Trustee consents to entry of a final order by the bankruptcy judge. Presumably, the Defendants do not so consent, but they have not said so explicitly.

**4. Whether a jury trial has been timely requested?**

No jury trial has been requested at this time.

**5. Does the proceeding involve a right to a jury trial?**

Yes.

**6. Whether a scheduling order has been entered in the proceeding?**

The Court entered its Uniform Scheduling Order in this case upon issuance of citation. The parties have subsequently conferred and submitted an agreed scheduling order, which the Court accepted and entered on June 27, 2022.

**7. Are the parties trial ready?**

No. The case was recently filed, motions to dismiss are pending, and discovery has yet to commence.

**8. Other matters relevant to the decision to withdraw the reference.**

The Trustee asserts that the Motion to Withdraw the Reference should be denied because the only basis for a potential mandatory withdrawal of the reference – the demand for a jury trial – has not occurred. Defendants may ultimately determine it is in their interests to request a jury, but they have not done so at this time and, thus, the theoretical right to a jury trial is not a basis to mandate a withdrawal of the reference. Defendants make no other arguments for mandatory withdrawal of the reference and because "it has been well established that 'mandatory withdrawal is to be applied narrowly' and to 'prevent 157(d) from becoming an 'escape hatch'" the Court

should decline to find a basis for mandatory withdrawal here. *See In re Highland Capital Management, LP*, 2021 WL 2850562, at *4 (July 7, 2021).

Because there is no requirement to withdraw the reference, the Court is within its discretion to decline to withdraw the reference or, as is the customary practice in the Northern District of Texas, to grant the motion upon certification by the Bankruptcy Court that the case is actually trial ready or otherwise grant the motion with a referral back to the Bankruptcy Court for all pre-trial matters.

Defendants argue that the factors set forth in *Holland Am. Ins. Co. v. Succcesssion of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985) and followed in *Mirant Corp. v. S. Co.*, 337 B.R. 107, 115 (N.D. Tex. 2006) justify withdrawing the reference. But on balance, the Defendants misapply these factors and they actually counsel against withdrawal of the reference at this time.

    a. **Core vs. non-core claims**.

There are undoubtedly state law fiduciary duty claims that are non-core. But those claims are largely intertwined with and factually interlaced with the core claims asserted in Count 4 (Recharacterization) and Count 6 (Equitable Subordination). The core claims will involve the same witnesses, the same documents, and the same general facts as much of the non-core claims asserted against the Defendants.

For example, Count 3 (Breach of Fiduciary Duty) and Count 7 (Knowing Participation) specifically assert fiduciary duty claims against the Yuma Directors and Red Mountain Defendants for entering into the Restructuring Agreement with Red Mountain. The Trustee contends that this decision was not in the best interests of the Yuma enterprises and was done to the benefit of controlling insiders like Red Mountain. Similarly, in her Recharacterization and Equitable Subordination counts, which are undoubtedly "core" bankruptcy claims, the Trustee challenges

the extent and validity of the Restructuring Agreement as a binding loan document and also seeks to subordinate any interest that such an agreement may have granted to the Red Mountain Defendants due to the breaches of fiduciary duty that accompanied that transaction. Put simply, many of the core and non-core claims are inextricably intertwined and separating them now through a permissive withdrawal of the reference is illogical.

      **b.  Uniformity in bankruptcy administration.**

The Trustee submits that this factor is largely not relevant in this case, but it likely would favor denying the motion to withdraw the reference. This is a Chapter 7 bankruptcy case that was converted from a Chapter 11 case and the bankruptcy administration itself is largely complete, except for the claims administration process. Because the Trustee's core claims include claim objections to certain Red Mountain Defendants claims and because the fiduciary duty claims do relate to and involve the predicate source for certain of the Red Mountain Defendants proof of claims in this case, having this Court be familiar with all of the facts and circumstances giving rise to the Restructuring Agreement, including adjudicating any fiduciary duty claims related to those agreements necessarily promotes uniformity in the claims administration process. Defendants cite to *In re Josiahs Trucking, LLC*, 2021 WL 8016825, at *6 (Bankr. S.D. Tex. May 13, 2021), but the case is largely distinguishable because there was no claim or assertion that the claims would impact the administration of the estate at all.

      **c.  Forum shopping or confusion.**

The Trustee contends that this factor weighs in favor of denying the motion to withdraw because, if anything, the motion to withdraw the reference is itself a forum shopping device in this case. The motion is unique in that the request seeks to withdraw the reference with respect to only certain counts of the Trustee's Complaint. In seeking to only withdraw the reference as to Counts

1, 2, 3 and 7, the Defendants motion to withdraw the reference is thinly-veiled attempt to sever or separate the Red Mountain Defendants from the individual directors and officers without complying with their burden to justify a severance or separate trials. A burden they could not otherwise carry. This is the essence of forum shopping and it counsels against a permissive withdrawal of the reference.

### d.  Judicial economy.

At a minimum, judicial economy obviously supports the Bankruptcy Court keeping the case pre-trial and certifying the case ready for trial. There is simply no argument or basis made in Defendants' motion that could justify having two separate parallel proceedings involving many of the same witnesses, documents, and facts ongoing in the Northern District at the same time. Defendants argue that splitting the case and moving the fiduciary duty claims to the District Court now would "maximize judicial efficiency because, absent withdrawal, both the Bankruptcy Court and the District Court will have to consider all the substantive rulings on fiduciary duty claims." Motion at 7.

But splitting the claims does not avoid this outcome as the Bankruptcy Court will still be deciding many of the same factual issues related to the fiduciary duty claims insofar as it has to analyze insider relationships between Mesdag, Teets and Red Mountain as well as the nature, extent and applicability of the Restructuring Agreements and whether those agreements were procured through various breaches of fiduciary duty.

Keeping all of the claims together for pre-trial or denying the motion to withdraw outright at this time maximizes efficiency. There is a reason so many district courts take advantage of referrals to magistrate judges on pre-trial matters in other civil litigation. In this case, the Bankruptcy Court would simply be serving as a functional magistrate, with particularized expertise

on Bankruptcy Code claims, if the Defendants refuse to consent to entry of final orders. Further, by permitting the Bankruptcy Court to make reports and recommendations to the District Court it will permit the District Court to gain familiarity with the case sufficient to prepare itself for a jury trial on the merits should the Defendants ever make a jury demand.

        e. **Demand for a jury trial.**

As noted earlier, the Defendants may have a jury trial right. But the Defendants have not, and may not ever, invoke their Seventh Amendment rights. It is simply premature to evaluate this factor in favor of demanding withdrawal of the reference now. But assuming some of the Defendants will invoke their jury trial rights, the Court may nevertheless deny the motion without prejudice until such time as they have properly invoked the right.

## CONCLUSION

The Trustee respectfully requests either the motion be denied without prejudice or that "the District Judge follow the ***usual protocol of this District*** and: (a) refer all pre-trial matters to the bankruptcy court; and (b) grant the Motion to Withdraw the Reference upon certification by the bankruptcy court that the parties are ready for trial. Under such recommendation, the bankruptcy court would essentially act as a magistate judge for the District Judge – handling such things as discovery disputes and pretrial motions – and, in the event any dispositive motion is presented by the parties that the bankruptcy court believes should be gratned, the bankruptcy court would make a further Report and Recommendation on any such matter." *In re Hoactzin Partners, L.P.*, 2022 Wl 2718221, at *2 May 4, 2022) (Jernigan, J.); *see also In re Highland Capital Management, L.P.*, 2021 WL 7540340 (N.D. Tex. July 26, 2021); *In re Highland Capital Management, L.P.*, 2021 WL 285062 (Bankr. N.D. Tex. July 8, 2021) (Jernigan, J.); *In re Waggoner Cattle, LLC*, 2019 WL 5887350 (Bankr. N.D. Tex. June 26, 2019) (Jones, J.); *Tauren Exploration, Inc., Liquidating Trust*

*v. Pandale Holdings, Inc.*, 2018 WL 5831464 (N.D. Tex. Nov. 7, 2018); *Whitehead Prod. Co. v. Whitehead*, 2011 WL 13234494 (N.D. Tex. March 30, 2011) (Means, J.) ("[A]ll claims in the adversary proceeding should remain with the bankruptcy court for the consolidated handling of all pre-trial matters, including dispositive matters.").

Respectfully submitted,

**SOMMERMAN, MCCAFFITY, QUESADA & GEISLER, LLP**

By:   */s/ Sean J. McCaffity*
Sean J. McCaffity
State Bar No. 24013122
smccaffity@textrial.com
**SOMMERMAN, MCCAFFITY, QUESADA & GEISLER, LLP**
3811 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
P: (214) 720-0720
F: (214) 720-0184

*Special Litigation Counsel for Trustee*

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Motion was served via ECF to all counsel of record on July 20, 2022.

   */s/ Sean J. McCaffity*
Sean J. McCaffity